FILED

DEC 2 3 2002



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
―――――――――――――――――――――――― X

ELVER CAPITAL LTD., Avenue Paulista 1754,
    10 Andar CJ 108, Sao Paulo, Brazil and
GANI MANAGEMENT CORP., 823 Avenue S,
    Brooklyn, New York

          Plaintiffs,

-against-

FEDERAL DEPOSIT INSURANCE CORPORATION
    As Receiver of Connecticut Bank of Commerce
    SERVE: Mr. Robert Feldman
    Executive Secretary
    550 17th Street NW Washington D.C. 20429

          Defendant.
―――――――――――――――――――――――― X

CASE NUMBER 1:02CV02515
JUDGE: Ellen Segal Huvelle
DECK TYPE: Administrative Agency Revi
DATE STAMP: 12/23/2002

ECF

JURY ACTION

## COMPLAINT

Plaintiffs Elver Capital Ltd. and Gani Management Corp., as and for their Complaint herein and by their attorneys Srour Fischer & Mandell LLP and Karpoff & Title and, allege as follows:

### JURISDICTION and VENUE

1. This court has subject matter jurisdiction over this action pursuant to 12 U.S.C. § 1821 (d) (6).

2. Venue is proper in this district pursuant to 12 U.S.C. § 1821 (d) (6).

### PARTIES

3. Plaintiff Elver Capital Ltd. is a British Virgin Islands corporation, with its headquarters at Avenue Paulista 1754, 10 Andar CJ 108, Sao Paulo, Brazil. David Kattan and Toufic Kattan are the principals of Elver Captial Ltd.

4. Plaintiff Gani Management Corp. is a British Virgin Islands corporation and its headquarters are located at 823 Avenue S, Brooklyn, New York. Habib Movadab is the principal of Gani Management Corp.

5. Defendant Federal Deposit Insurance Corporation ("FDIC") is a corporate instrumentality of the United States government, with its headquarters at 550 17th Street NW Washington D.C. and is the Receiver of Connecticut Bank of Commerce by Order of the Superior Court, Judicial District of Hartford, State of Connecticut.

## FACTS COMMON TO ALL PLAINTIFFS

6. Plaintiffs were depositors of the Connecticut Bank of Commerce, Stamford, CT ("CBC").

7. Plaintiffs' funds were kept in commercial checking accounts. Their Account Agreements provided, *inter alia*, that a portion of the end-of-day balances in each account would be transferred or "swept" into CBC's International Banking Facility ("IBF") and then restored to the checking account before the start of the next days' banking business.

8. On June 26, 2002, the FDIC was named temporary receiver ("FDIC Receiver") of CBC, by Order of the Superior Court, Judicial District of Hartford, State of Connecticut.

9. At 4:39 p.m. on June 26, 2002, the FDIC Receiver closed CBC and took control of its accounts and assets, including the deposits of Plaintiffs, which were at that moment carried on the books of CBC as a deposit liability.

10. Thereafter and at approximately 10:30 p.m. on June 26, 2002, the deposits of Plaintiffs, among others, were swept into CBC's IBF funds (the "IBF Sweep"). These IBF funds were then swept again into M&T Bank (the "M&T Sweep").

11. Thereafter and on June 27, 2002, the M&T Sweep was reversed and the IBF funds were returned from M&T Bank to CBC's IBF, but the IBF Sweep was not reversed and IBF funds were never returned from CBC's IBF into Plaintiffs' checking accounts.

12. Thereafter, and in a timely manner, Plaintiffs made claim to the FDIC Receiver to be treated as uninsured depositors, entitled to the benefits of a statutory preference and entitled to insurance and deposit status for the full amount on deposit in their checking accounts as of 4:39 p.m. June 26, 2002.

13. On or about November 1, 2002, the FDIC Receiver notified Plaintiffs, among others, that their claims to be accorded the status of owners of "deposit liabilities" were disallowed because their funds "were placed in CBC's IBF program" and ...[p]ursuant to statute, IBF funds (i) are not subject to Federal Reserve requirements, (ii) are not assessed for deposit insurance purposes by FDIC, and (iii) do not constitute deposits for any purposes."

14. As a result of the aforesaid disallowance, Plaintiffs were treated by the FDIC Receiver as general creditors of CBC and their claims were deemed subordinate to the administrative and deposit claims against the receivership estate.

15. As a result of the foregoing, Plaintiffs will likely receive no money whatsoever from the CBC receivership estate and will have lost the entire value of their deposits.

16. The foregoing actions by the FDIC Receiver, in allowing the IBF Sweep to occur six hours after closing CBC and in failing to reverse the IBF Sweep once it had occurred, were wrongful, contrary to law, rule and regulation, and contrary to the spirit and intent of Congress as expressed, *inter alia*, in the Omnibus Budget Reconciliation Act of 1993 and were in excess of and contrary to the scope of the FDIC's authority as Receiver of CBC.

17. Furthermore, the actions of the FDIC Receiver in disallowing the claims of Plaintiffs as aforesaid were wrongful, contrary to law, rule and regulation, and contrary to the spirit and intent of Congress as expressed, *inter alia*, in the Omnibus Budget Reconciliation Act of 1993 and were in excess of and contrary to the scope of the FDIC's authority as Receiver of CBC.

18. The foregoing actions by the FDIC directly caused the damages to Plaintiffs as hereinafter set forth.

## COUNT I

### BY PLAINTIFF ELVER CAPITAL LTD.

19. Plaintiff Elver Capital Ltd. ("Elver") repeats and realleges each and every allegation contained in ¶¶ 1 – 18 hereof as if the same had been set forth again at length.

20. As of 4:39 p.m. June 26, 2002, Elver had US$725,000 on deposit in checking account number 30172985 at CBC and US$250,000 in a time deposit in Certificate of Deposit account number 172985004 at CBC.

21. By Proofs of Claim numbered 500000041-000 and 500000017-000 submitted on or about August 15, 2002 to the FDIC Receiver, Elver claimed status as the owner of "deposit liabilities" in the foregoing respective amounts.

22. By letters dated November 1, 2002, the FDIC Receiver notified Elver that its claims to be accorded the status of the owner of "deposit liabilities" in the respective amounts of US$725,316.87 and US$250,908.22 were "DISALLOWED" and instead, the FDIC Receiver issued general creditor receivership certificates to Elver in the foregoing amounts.

23. By virtue of the foregoing, Plaintiff Elver has been damaged by the actions of the FDIC Receiver as set forth herein in the total amount of US$976,225.09.

## COUNT II

### BY PLAINTIFF GANI MANAGEMENT CORP.

24. Plaintiff Gani Management Corp. ("Gani") repeats and realleges each and every allegation contained in ¶¶ 1 – 18 hereof as if the same had been set forth again at length.

25. As of 4:39 p.m. June 26, 2002, Gani had US$450,000.00 on deposit in checking account number 30172764 at CBC.

26. By Proof of Claim numbered 500000034-000 submitted in or about August 2002 to the FDIC Receiver, Gani claimed status as the owner of "deposit liabilities" in the foregoing amount.

27. By letter dated November 1, 2002, the FDIC Receiver notified Gani that its claim to be accorded the status of the owner of "deposit liabilities" in the amount of

US$450,005.57 was "DISALLOWED" and instead, the FDIC Receiver issued a general creditor receivership certificate to Gani in the foregoing amount.

28. By virtue of the foregoing, Plaintiff Gani has been damaged by the actions of the FDIC Receiver as set forth herein in the total amount of US$450,005.57.

## JURY DEMAND

29. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of any and all issues triable by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

a) Defendant be ordered to accord each Plaintiff the status of "uninsured depositor" of CBC;

b) Defendant be ordered to issue the appropriate Receivership Certificate to each Plaintiff;

c) Defendant be ordered to make insurance payments to Plaintiffs in the full amount of their respective losses or as allowed by law, to wit:

 1) On Count I, the amount of US$976,225.09 to Plaintiff Elver;

 2) On Count II, the amount of US$450,000 to Plaintiff Gani;

d) Plaintiffs have such other further monetary or equitable relief as to the Court seems just and proper;

Dated: December 23, 2002

SROUR FISCHER & MANDELL LLP

By _____
Barry R. Fischer (BF0274)
546 Fifth Avenue – 15th Floor
New York, New York 10036-5000
(212) 840-9300

KARPOFF & TITLE

By_____
   Julian Karpoff
D.C. Bar No. 156760
1840 Wilson Boulevard – Suite 205
P.O. Box 990
Arlington, VA 22216
(703) 841-9600

Attorneys for Plaintiffs